IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| K.B., by and through her natural parent, *Jennifer Qassis*, and Lillian Knox-Bender, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 2:17-cv-02391-JPM-tmp ) |
| METHODIST HEALTHCARE− MEMPHIS HOSPITALS d/b/a Methodist Hospital and Le Bonheur Children's Hospital, | ) ) ) ) |
| Defendant. | ) |

**ORDER FINDING AS MOOT PLAINTIFF'S MOTION TO DISMISS PLAINTIFF J.S.**

**AND**

**DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court are Defendant Methodist Healthcare-Memphis Hospitals d/b/a Methodist Hospital and Le Bonheur Children's Hospital ("Defendant")'s Motion to Dismiss Plaintiff J.S. (ECF No. 40), and Plaintiffs' Motion for Partial Summary Judgment (ECF No. 63). For the reasons discussed below, Defendant's Motion to Dismiss Plaintiff J.S. is FOUND TO BE MOOT and Plaintiff's Motion for Summary Judgment is DENIED.

**I.   Defendant's Motion to Dismiss Plaintiff J.S.**

Defendant seeks to dismiss Plaintiff J.S. for failing to prosecute the action.  (ECF No. 40.)  Plaintiffs did not oppose this motion, but instead filed a motion for leave to amend the complaint so as to remove J.S. as a named plaintiff.  (ECF No. 44.)  The Court previously granted Plaintiffs' motion.  (ECF No. 49.)  Accordingly, the Court finds that Defendant's motion

to dismiss J.S. is MOOT in light of the amended complaint (ECF No. 44-2) because J.S. is no longer a named plaintiff.

### II. Plaintiff's Motion for Partial Summary Judgment

Plaintiffs seek partial summary judgment on the issue of remedies. (ECF No. 63.) Plaintiffs request that the Court require Defendant to take certain actions and refrain from other actions, all related to Defendant's billing practices.

Federal Rule of Civil Procedure 56(a) provides that "A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Plaintiff's request for summary judgment as to injunctive relief does not, however, seek summary judgment on a "claim or defense" but rather on the form of relief that the Court will craft. Rule 56(a) does not appear to contemplate summary judgment on forms of relief.[1] Additionally, in the instant case, a decision on remedies would be premature before Plaintiffs have prevailed on any of their claims, because Plaintiffs' remedies would be a moot issue if they do not prevail. For both reasons, Plaintiffs' motion for summary judgment as to injunctive relief is DENIED. The parties may revisit the issue of remedies if and when Plaintiffs prevail on any of their claims.

**SO ORDERED**, this 12th day of February, 2018.

       /s/ Jon P. McCalla
       JON P. McCALLA
       UNITED STATES DISTRICT JUDGE

---

[1] The Court has interpreted the motion for summary judgment as seeking permanent injunctions rather than preliminary injunctions because the latter were not specifically requested. If Plaintiffs seek preliminary injunctions requiring Defendant to comply with the list of actions outlined in their motion for summary judgment, they may, if they so choose, file a motion or motions seeking the same.

2