IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| K.B., by and through her natural parent, *Jennifer Qassis* and Lillian Knox-Bender on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 2:17-cv-02391- JPM-tmp<br>) |
| METHODIST HEALTHCARE− MEMPHIS HOSPITALS d/b/a Methodist Hospital and Le Bonheur Children's Hospital, | ) Putative Class Action<br>)<br>)<br>) |
| Defendant. | )<br>) |

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MOOT, AND
DENYING PLAINTIFFS' MOTION FOR CLASS ACTION MOOT**

The cause is before the Court on Defendant Methodist Healthcare-Memphis Hospitals d/b/a Methodist Hospital and Le Bonheur Children's Hospital ("Methodist")'s Motion for Judgment on the Pleadings filed September 19, 2017. (ECF No. 51.)  For the reasons stated below, Plaintiffs' claims are barred by the statute of limitations. The Court therefore GRANTS Defendant's Motion for Judgment on the Pleadings and dismisses the case with prejudice.  As a result, both Defendant's Motion for Summary Judgment (ECF No. 52) and Plaintiff's Motion to Certify Class (ECF No. 62.) are DENIED as MOOT.

**I.      BACKGROUND**

   **A.   Factual Background**

This is an action for breach of contract, unjust enrichment, and violation of the Tennessee Consumer Protection Act of 1977. (See ECF No. 44-2.) Defendant has contracts

with health insurers setting fixed and predetermined prices for certain services. (Id. at ¶ 25.) Plaintiffs K.B. and Lillian Knox-Bender assert that Methodist engaged in unlawful billing practices by collecting and retaining payments from health insurance companies that exceeded the prices of services that had been agreed upon between Methodist and the Plaintiffs' respective insurers. (Id. at ¶¶ 37-39.) Plaintiffs assert that Defendants had a duty to disgorge overpayments without a request from Plaintiffs if the overpayment was greater than five dollars. (Id. at ¶ 37.)

Plaintiff K.B. is a minor who received medical treatment from Defendant. (Id. at ¶¶ 3-5.) K.B. asserts that Methodist received a $195.16 payment from her insurer, TennCare, which was the full negotiated price for those services agreed upon by Methodist and TennCare. (Id. at ¶ 6.) K.B. was billed an additional $716.10 on January 17, 2013 for those same services, and K.B. now alleges that Defendant was not entitled to that payment after the agreed price was paid in full by TennCare. (Id. at ¶ 8.) Similarly, Plaintiff Lillian Knox-Bender paid Defendant $599 for her treatment, a price that was negotiated in advance with Methodist by her ERISA insurance plan. (Id. at ¶ 11.) Ms. Bender asserts that after her ERISA insurance plan paid the full bill, Defendant demanded and received an additional $4,222 from another insurer. (Id. at ¶ 12.) Plaintiffs have asserted these examples are representative of the class they seek to represent. (Id. at ¶¶ 14-23.)

Plaintiffs assert that class members signed several documents drafted by Defendant, such as the *General Conditions of Admission* and *Assignment of Insurance Benefits and Financial Agreement*, which obligated Defendant to pay back overpayments to the class members. (Id. at ¶¶ 37-38.) Plaintiffs also claim they conferred a benefit on Defendant by paying more than the agreed-upon value for medical services. (Id. at ¶ 49.) Plaintiffs assert

2

that by keeping overpayments Defendant was unjustly enriched, and that Plaintiffs are equitably entitled to those overpayments.  (Id. at ¶¶ 51-52.)

### B. Procedural Background

The Court has summarized the procedural history of this matter in its Order Denying Motion to Remand. (ECF No. 35, PageID 5693-95.) Subsequently, Plaintiffs filed an amended complaint (ECF Nos. 44, 44-2); Methodist filed motions seeking to dismiss former named plaintiff J.S. (ECF No. 40), judgment on the pleadings (ECF No. 51), and summary judgment against all Plaintiffs.  (ECF No. 52.)  Plaintiffs filed motions to certify a class (ECF Nos. 62, 113), for partial summary judgment on remedies (ECF No. 63), and for a preliminary injunction (ECF No. 114.)  The Court denied the motion to dismiss J.S. as moot and denied Plaintiffs' Motion for Partial Summary Judgment as premature. (ECF No. 111.) Defendant's initial Motion for Summary Judgment (ECF No. 21) was denied on March 2, 2018.  (ECF No. 112.)  The other motions remain pending.

## II.   LEGAL STANDARD

"After the pleadings are closed - but early enough not to delay trial - any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The manner of review under Fed. R. Civ. 12(c) is the same as a review under Rule 12(b)(6) . . . ." Jelovsek v. Bredesen, 545 F.3d 431, 434 (6th Cir. 2008).

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)).  A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases

3

which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff without facts who is "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd 481 F. App'x 252 (6th Cir. 2012).

### III. ARGUMENT

Defendant argues that the Court should grant its Motion for Judgment on the Pleadings because Plaintiffs have failed to exhaust their administrative remedies. (See ECF No. 51 at PageID 6283.) Defendant also argues that all of Plaintiffs' claims are barred by the applicable statutes of limitations and repose. (ECF No. 51 at PageID 6283.) The Court addresses each argument in turn.

### A. Exhaustion of Administrative Remedies

In cases addressing Tennessee's administrative appeals procedures, courts have upheld the validity of TennCare regulations requiring enrollees to exhaust administrative hearing and appeal requirements. See Grier v. Goetz, 402 F.Supp.2d 871, 874 (M.D. Tenn. 2005); Grier v. Goetz, 402 F.Supp.2d 876, 926 (M.D. Tenn. 2005). The Sixth Circuit has held that the Medicaid program's administrative procedures must be exhausted before judicial review can be sought. Michigan Ass'n of Homes & Serv. for Aging, Inc. v. Shalala, 127 F.3d 496, 502-503 (6th Cir. 1997). Moreover, the Supreme Court has upheld an exhaustion requirement for the Medicare program. Heckler v. Ringer, 466 U.S. 602, 619; see also Cathedral Rock of North Coll. Hill, Inc. v. Shalala, 223 F.3d 354, 357 (6th Cir. 2000) (noting that Medicare and Medicaid programs have common appeals procedures).

The Court finds it inappropriate to apply the exhaustion requirement in this case. Defendants do not reference any document or law that would require either plaintiff pursue administrative remedies. Instead, they rely on this Court's ruling based on a prior Complaint to claim that administrative remedies still need to be exhausted. (ECF No. 55-1 at PageID 6296.) Even though K.B. was enrolled in Tenncare and Knox-Bender was enrolled in an ERISA plan, the relevant Complaint specifically states that Plaintiffs do not dispute that Defendant was entitled to receive health insurance copayments. (ECF No. 44-2 at ¶ 78.) K.B. asserts that the complaint alleges no wrongdoing or liability on the part of health insurance companies. (Id.) Plaintiffs assert that "no health insurance company has either the legal or contract authority (1) to order the Defendant to disgorge overcharges addressed in this Complaint; (2) to enjoin Defendant's unfair billing practices; or (3) to order the Defendant to make additional disclosures to its patients." (Id.) Given this language, Methodist would need

to show Plaintiffs are required to seek administrative remedies. Methodist failed to provide that support and their motion cannot be granted for a failure to exhaust administrative remedies.

### B. Statute of Limitations

Defendant argues that the statute of limitations for each of Plaintiffs' claims is a total of six years. (ECF No. 51-1 at PageID 6298.) Methodist argues that no tolling doctrine applies to Plaintiffs' claims and that the Court should, therefore, dismiss the Complaint. (Id. at 6299.) All of K.B.'s claims would have expired, at the latest, on January 17, 2013 according to Defendant. (Id.) The claims were not filed until April 3, 2013 after the statute of limitations expired. (ECF No. 1-16 at PageID 315.) Similarly, Defense argues Knox-Bender's claims for breach of contract would have run out by 2014 but that her claim was not filed until June 22, 2016. (Id. at 6304.)

### 1. Statute of Limitations for K.B.'s Claims

Plaintiff agrees that there is a six-year statute of limitations for claims for breach of contract and unjust enrichment. (ECF No. 78 at PageID 10136.) They also agree that Methodist received payment from Tenncare for medical services rendered to that K.B. in 2007, that Methodist sent K.B.'s attorney a lien assignment on January 17, 2007, and K.B.'s attorney sent an additional payment on March 19, 2009. (Id.) They argue that K.B.'s claim should be governed by the minors' saving statute that would toll the statute of limitations. (Id. at PageID 10137.)

Plaintiffs argue that even though K.B.'s parent signed the general conditions of admission with Methodist, the minors' saving statute does toll the statute of limitations. (Id.) Plaintiff cites to Blackwell v. Sky High Sports Nashville Operations, LLC to show that "where a child's financial interests are threatened by a parent's contract, it appears to be this State's long-standing policy to rule in favor of protecting the minor." 523 S.W.3d 624, 652 (Tenn. Ct.

6

App. 2017), appeal denied (May 18, 2017).  Plaintiffs use this policy concern to argue that K.B.'s claims should be saved using the minors' tolling statute. (ECF No. 78 at PageID 10136.)

Methodist responds by pointing out that Plaintiffs do not dispute that they filed after the normal expiration of the statutes of limitations; instead Plaintiffs rely on tolling under the doctrine of minor tolling for K.B.'s claims.  (ECF No. 106 at PageID 20697.)  While the portion Plaintiffs cite to in Blackwell describes a strong policy in favor of minor tolling, the context of the "financial interests" threatened by a parent's contract only applies to specific contracts. Blackwell, 523 S.W.3d at 652.  The next paragraph in Blackwell after Plaintiff's cited language states that "the above statutes as well as the Wright decision concern only the parent's ability to settle a claim after an injury has occurred."  (Id.) (emphasis added.)  "At least two courts have held that similar rules have no application to a pre-injury waiver."  (Id.)

Here, Plaintiffs argue that minor tolling should be applied based on a contract signed by K.B.'s mother before the claimed injury.  (ECF No. 77 at PageID 10136-37.)  K.B.'s mother did not agree to waive claims for the purposes of settlement when she signed the contract with Methodist.  She also did not sign a contract with Methodist that waived K.B.'s ability to receive an overpayment.  There is no document Plaintiffs have identified that K.B.'s mother signed that would cause tolling for her minor child because no contracts of settlement were signed after the asserted injuries.

Plaintiffs also argue that Methodist engaged in fraudulent concealment that would toll the applicable statutes of limitation.  (ECF No. 78 at PageID 10139-40.)  They pointed to portions of the complaint asserting that Methodist "fail[ed] to inform [Plaintiffs] in its documents provided to them that they have a right to the discounted charges previously negotiated with their health insurers." (ECF 44-2 at ¶ 43.)  For fraudulent concealment "mere silence is not enough.  There must be some trick or contrivance intended to exclude suspicion

7

and prevent inquiry." Fillinger v. Lerner Sampson & Rothfuss, 624 F. App'x 338, 341 (6th Cir. 2015.) Plaintiffs do not allege such conduct. (See ECF No. 44-2.) Plaintiffs cannot use fraudulent concealment to toll the statute of limitations.

K.B.'s claims were brought after January 17, 2013, when the six-year statute of limitations expired, and are therefore time-barred.

### 2. Statute of Limitations for Knox-Bender's Claims

The six-year statute of limitations period for Knox-Bender's breach of contract and unjust enrichment claims began to run on October 18, 2007. (ECF No. 44-2 at PageID 5751; ECF No. 78 at PageID 10136; ECF No. 1-28 at PageID 1846-47.) Knox-Bender was not named as a plaintiff in this or any related action until June 22, 2016. (ECF No. 1-28 at PageID 1846-47.) Plaintiffs argue that Knox-Bender's statute of limitations was tolled, however, by K.B.'s motion for class certification filed in state court on May 1, 2013, because Knox-Bender was a member of the putative class alleged in that suit. (ECF No. 1-16 at 322, ECF No. 78 at 10138-39.)

Plaintiffs are correct that, generally, a motion for class certification will toll the statute of limitations for all putative class members during the pendency of the motion, even if the motion is eventually denied. See Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 355 (1983) (holding that, when a motion for class certification is filed, the limitations period "remains tolled for all members of the proposed class until class certification is denied.") This rule is designed to further the purposes of statutes of limitations generally, by putting defendants on notice of adverse claims and preventing plaintiffs from sleeping on their rights. Crown, Cork & Seal Co., 462 U.S. at 352. "Class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights." Id. When notified of adverse claims by the filing of a motion for class certification, "the defendant normally is not prejudiced by tolling of the statute

8

of limitations." Id. at 355 (Powell, J. concurring).  A contrary rule might "deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure." Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 553 (1974).

This case, however, presents an exception to the general rule.  Knox-Bender seeks to toll her statute of limitations through K.B.'s case, but K.B.'s case was not timely in the first place.  The statute of limitations is not tolled by an untimely suit.  Weston v. Ameribank, 265 F.3d 366, 368-69 (2001); accord Tigg v. Pirelli Tire Corp., 232 S.W.3d 28, 35 (Tenn. 2007) ("even if we were to adopt a class action tolling doctrine, we would hold that the plaintiffs are barred by the statutes of limitations on their claims because the previous plaintiffs failed to protect the other potential members of the class"); see also Lee v. Dell Prod., L.P., 236 F.R.D. 358, 362 (M.D. Tenn. 2006) ("tolling only applies to claims that were or could have been brought in the original class action.")  Allowing tolling in this situation would encourage the filing of suits that are not meritorious, in order to pause the statute of limitations indefinitely.  The tolling rule set forth by Am. Pipe & Const. Co. was established in part because it would preserve the effects of a statute of limitations while promoting efficiency.  414 U.S. at 553.  "The tolling rule of American Pipe," however, "is a generous one, inviting abuse." Crown, Cork & Seal Co., 462 U.S. at 354 (Powell, J. concurring).  The tolling Plaintiffs request would be an abuse of the doctrine.  The statute of limitations for Knox-Bender's claims were not tolled by the pendency of a motion for class certification in K.B.'s untimely state suit.[1]

---

[1] The Court notes that there was another named plaintiff, Cedric Hall, in the previous state suit filed in 2013.  Cedric Hall was voluntarily dismissed as a plaintiff from that action on April 22, 2013, before the May 1, 2013 Motion for Class Certification. (ECF No. 1-16 at PageID 230, 238.) While Cedric Hall's claims were timely, they therefore do not toll Knox-Bender's statute of limitations.

9

## IV.     CONCLUSION

Because Plaintiffs' claims are barred by the statute of limitations, Methodist's Motion for Judgment on the Pleadings is GRANTED.  This action is DISMISSED WITH PREJUDICE. As a result, both Defendant's Motion for Summary Judgment (ECF No. 52) and Plaintiff's Motion to Certify Class (ECF No. 62.) are DENIED as MOOT.


**SO ORDERED**, this 28th day of September, 2018.

                                          /s/ Jon P. McCalla
                                         JON P. McCALLA
                                         UNITED STATES DISTRICT COURT JUDGE